IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LEE CRAMER )
) No. 18-865
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental security income benefits, alleging mental and physical impairments. His application was denied initially, and upon hearing by Administrative Law Judge ("ALJ") Wordsworth. The Appeals Council denied Plaintiff's request for review. On appeal, this Court remanded the matter for further proceedings, by Order dated May 5, 2015 at W.D.Pa. Docket 14-1464 ("May 14 Order"). A supplemental hearing took place on January 14, 2016, and ALJ Kaczmarek denied Plaintiff's application.[1] The Appeals Council denied his appeal, and the present action followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.      STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review

---

[1] Unless otherwise indicated, all references to the ALJ's decision refer to the most recent decision of ALJ Kaczmarek.

1

the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.     THE PARTIES' MOTIONS

Plaintiff lodges several overlapping challenges to the ALJ's decision. He contends that the ALJ erred in failing to consider Listing 12.02; failing to order a neuropsychological consultative exam; omitting reference in the residual functional capacity ("RFC") or vocational expert ("VE") hypothetical to intellectual functioning, moderate limitations opined to by Dr. Schiller, leg pain, and migraines; relying on the VE testimony; and crafting the RFC.

In terms of the Listings, this Court's May 14 Order remanded the matter solely for the purpose of further consideration of the limitations opined to by Dr. Schiller. As the ALJ stated, no further evidence was offered regarding the Listings, and the conclusions of ALJ Worsdworth regarding the Listings was not a subject of remand that required reconsideration. The ALJ did not err in failing to further consider the Listings. While the ALJ noted two severe impairments not previously found by the initial ALJ decision, that alone does not obligate a consideration of particular Listings. See, e.g., Zerrilla v. Comm'r of Soc. Sec., No.11-191, 2012 U.S. Dist. LEXIS 109916, at *16 (D. Vt. July 6, 2012). As Defendant notes, the paragraph B and C criteria of Listing 12.02 are identical to those of the Listings considered by the first ALJ, and the present ALJ referred to those criteria; no further consideration was required.

Regarding the failure to order additional consultative exams, and Plaintiff's related contentions regarding the ALJ's assessment of the opinion of one-time examiner Dr. Groves, I find no error. A consultative examination is required when the evidence as a whole is insufficient to support a decision. Martinez v. Colvin, No. 13-5415, 2015 U.S. Dist. LEXIS 106452 (E.D.

3

Pa. Aug. 13, 2015). Plaintiff, who has been represented by counsel at all pertinent times, fails to adequately and specifically explain how the record was deficient such that additional examination was required. Moreover, the ALJ did not substitute a lay opinion for that of Dr. Groves, in relation to the IQ testing performed by Dr. Groves or otherwise. As stated in this Court's May 14 Order, the first ALJ did not err in assessing the IQ testing; here, the ALJ looked to Plaintiff's other intellectual ability testing, alongside the entire record, and also carefully considered the IQ score arrived at by Dr. Groves. He did not reject the IQ scores based on speculation or other impermissible factors. The ALJ's approach was sufficient.

Plaintiff also challenges the ALJ's RFC. The ALJ arrived at an RFC of light work, with many restrictions. Those restrictions included, <u>inter alia</u>, the following: a static low stress environment that involves only simple decisions and infrequent changes, and where those changes that did occur would be explained and/or demonstrated and could be learned in thirty days or less; no fast paced, strict production, or time quotas; and only occasional interaction with the public. The RFC also states that Plaintiff cannot operate foot controls or push/pull with lower extremities, cannot kneel, crawl, or climb ladders, ropes, or scaffolds, and can occasionally balance, stoop, crouch, and climb ramps or stairs. It further limits his exposure to environmental conditions such as heights and extreme temperatures, and exposure to factors such as fumes, odors, and dust.

The RCF is an administrative finding reserved for the ALJ, and is to be based on all of the relevant evidence. <u>See</u> <u>Cummings v. Colvin</u>, 129 F.Supp.3d 209, 214-15 (W.D. Pa. 2015). Here, the ALJ carefully and adequately assessed Dr. Schiller's opinion, and incorporated the credited limitations into the RFC. He explained his interpretation of each limitation opined to, and the manner in which it was translated into the RFC and the hypothetical question posed to

4

the VE. Further, the RFC's limitations address Plaintiff's physical and mental conditions and subjective complaints, based on the ALJ's competent assessment of the record evidence and Plaintiff's credibility. Non-exertional limitations of the type present here have been found to accommodate borderline intellectual functioning. E.g., Hewitt v. Colvin, No. 3-104, 2015 U.S. Dist. LEXIS 34889, at *25 (E.D. Mo. Mar. 20, 2015). The hypothetical question posed to the VE, in turn, properly addressed the RFC. Plaintiff's contentions to the contrary are unpersuasive, and I find no error.

I have assessed all of Plaintiff's remaining contentions and suggested challenges, alongside the ALJ's decision and the parties' briefs. Under applicable standards, the ALJ's decision is adequate and remand or reversal is not warranted.

## CONCLUSION

In conclusion, the Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 8/22/19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LEE CRAMER )
) No. 18-865
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 22nd day of August, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court